UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

          Petitioner,         CASE NO. 12-11527
                                      HONORABLE AVERN COHN

v.

MARY BERGHUIS,

          Respondent.
_____/

## ORDER DENYING PETITIONER'S MOTION TO STAY PROCEEDINGS WITHOUT PREJUDICE (Doc. 7)

I.

This is a habeas case under 28 U.S.C. § 2254. Michigan prisoner Jack Smith ("Petitioner"), raises claims asserting that he is actually innocent and is being held in violation of his constitutional rights due to the ineffectiveness of his counsel and the misconduct of the police and prosecutor. Petitioner was convicted in the Jackson Circuit Court of arson, manufacturing explosives, and assault and battery. The matter is before the Court on Petitioner's motion to stay his habeas while he awaits a decision from the Michigan Supreme Court on his claims. For the reasons stated below, the motion will be denied without prejudice.

II.

Following his convictions, Petitioner filed a claim of appeal in the Michigan Court of Appeals, raising issues challenging the jury instructions and the sufficiency of the evidence. The Court of Appeals affirmed in an unpublished opinion. *People v. Smith*, Mich. Ct. App. No. 282505 (January 8, 2009). Petitioner subsequently filed an

application for leave to appeal, and on June 23, 2009, the Michigan Supreme Court denied it in a standard order. *People v. Smith*, 483 Mich. 1112 (2009) (table).

Petitioner then filed a motion for relief from judgment in the trial court. It was denied by order dated December 30, 2009. The Michigan appellate courts likewise denied relief. *People v. Smith*, Mich. Ct. App. No. 297737 (August 2, 2010); *People v. Smith*, 488 Mich. 1038 (2011). Neither Petitioner's pleadings nor his exhibits reveal what claims were raised in this proceeding.

Petitioner then filed a second motion for relief from judgment. It appears from Petitioner's exhibits that this motion raised the same claims that Petitioner asserts in the present habeas petition. The trial court denied the motion on December 6, 2011. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, and on March 2, 2012, it was dismissed. *People v. Smith*, Mich. Ct. App. No. 307815 (March 2, 2012). Petitioner filed an application for leave to appeal in the Michigan Supreme Court on April 20, 2012. The prosecutor filed a response on May 22, 2012. The application remains pending.

III.

A.

Petitioner's motion states that he wishes for his habeas petition to be stayed and held in abeyance until his latest appeal containing his habeas claims is decided by the Michigan Supreme Court.

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. See *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve

any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must properly present each issue he seeks to raise in a federal habeas proceeding to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. See *Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); see also *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

A federal district court has discretion to stay a petition containing both exhausted and unexhausted claims to allow a petitioner to present unexhausted claims to the state courts and then return to federal court on a perfected petition. See *Rhines v. Weber*, 544 U.S. 269, 276 (2005). Stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state remedies before proceeding in federal court, the petitioner has not engaged in intentionally dilatory litigation tactics, and the unexhausted claims are not "plainly meritless." *Id.* at 277.

B.

Here, Petitioner has not shown the need for a stay at this time. While his claims do not appear to be exhausted because his application for leave to appeal is still pending in the Michigan Supreme Court, the Court anticipates that the state appeal will be resolved--one way or the other--before this case is ready for decision. The Court notes that Respondent has not responded to Petitioner's motion for stay, nor has he asked for the petition to be dismissed without prejudice on exhaustion grounds. Under

these circumstances, there is no need for a stay.

IV.

Accordingly, motion for stay is DENIED WITHOUT PREJUDICE. If the Michigan Supreme Court takes action that substantially extends the proceedings in state court, Petitioner may renew his request for a stay.

**SO ORDERED.**

                                       S/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

Dated: August 3, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 3, 2012, by electronic and/or ordinary mail.

                                       S/Julie Owens
                                       Case Manager, (313) 234-5160