UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JACK SMITH,

    Petitioner,                                      Case No.12-11527

MARY BERGHUIS,                         HON. AVERN COHN

    Respondent.

_____/

**<u>ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT</u>**
**<u>(Doc. 30)</u>**
**<u>AND DENYING A CERTIFICATE OF APPEALABILITY</u>**

I.

Petitioner Jack Smith filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254. The Court denied the petition on September 27, 2013. (Doc. 28). Before the Court is Petitioner's motion for relief from judgment, labeled as "Motion to Rule on Fraud on the Court." For the reasons that follow, the motion is DENIED.

II.

Petitioner appears to seek relief under Fed. R. Civ. P. 60(b)(3). This rule provides that a judgment may be attacked for fraud on the court. "Fraud on the court consists of conduct: 1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." <u>Johnson v. Bell</u>, 605 F.3d 333, 339 (6th Cir. 2010) (quotation marks and citations omitted). Petitioner bears the burden of proving existence of fraud upon the court by clear and convincing evidence. <u>Id</u>.

Petitioner alleges a fraud upon the Court related to his claim that he is actually innocent. However, Petitioner's motion does not the nature of the fraud upon the Court, other than to state he had presented "sufficient evidence of innocence and 100% proof of fraud." (Doc. 30 at p. 1). As the Court explained in the memorandum and order denying habeas relief, the Court considered the evidence submitted by Petitioner and rejected his claim that it demonstrates that he is innocent. Relief under Rule 60(b)(3) is therefore not warranted.

III.

Before Petitioner can appeal the Court's decision, a certificate of appealability (COA) must issue. See United States v. Hardin, 481 F.3d 924, 926 (6th Cir. 2007) (stating that "this prerequisite [a COA] is consistent with the language of section 2253, and therefore hold that [a Petitioner] must obtain a certificate of appealability before his appeal of the denial of his Rule 60(b)). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Reasonable jurists would not debate the Court's conclusion that Petitioner is not entitled to relief under Rule 60(b)(3). Accordingly, a COA is DENIED.

SO ORDERED.

                                                      s/Avern Cohn
                                                      UNITED STATES DISTRICT JUDGE

Dated: October 31, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, October 31, 2013, by electronic and/or ordinary mail.

                                                      S/Sakne Chami
                                                      Case Manager, (313) 234-5160